# Oyer *v.* Lehigh & New England Railroad Company, Appellant.

*Negligence—Railroads—Manufactory near railroad—Workman crossing tracks—Contributory negligence—Case for jury.*

In an action against a railroad company to recover damages for personal injuries sustained by an employee of a manufactory situated partly on either side of the right of way of the railroad company, the testimony of the plaintiff was alone sufficient to take the case to the jury, where he testified that before starting to cross the track to a part of the plant on the other side, he saw the car which struck him a moment later standing still, and that he looked up the track, but neither saw nor heard any signal that the car was about to move, that he was in the act of crossing and while his foot was entangled in the track about five feet from the standing car, he heard the sudden crash of a train attempting to couple such car and was almost instantly struck by it.

Argued March 8, 1915.   Appeal, No. 273, Jan. T., 1914, by defendant, from judgment of C. P. Northampton Co., April T., 1912, No. 55, on verdict for plaintiff in case of John H. Oyer v. Lehigh & New England Railroad Company.   Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before STEWART, J.

On the trial it appeared that John H. Oyer, the plaintiff, was employed in the manufacturing plant of Flory and Company at Bangor. The buildings of this plant were situate on either side of the right of way of the Lehigh and New England Railroad Company's tracks. The employees of this plant passed across the tracks of the Lehigh and New England Railroad Company continuously every day. The whole length of the yard of the plant was used in this way. Sometimes it was used for access to the cars and at other times for the purposes of the manufacturing business. On the morning of the accident it was necessary for plaintiff to cross the track for the purpose of getting some lumber. He testified that before attempting to cross he looked as far as he could up the track in the direction of Main street, that about twenty feet from him in the direction of Main street stood a flat car loaded with three engines, and that just beyond this stood a gondola car and box car, and that owing to the position of the buildings and the box car plaintiff's view was obstructed, that he looked and listened three times, once at the entrance of the pattern shop from which he came, and again at two other points he stopped, looked and listened. Hearing no whistle, bell or other indication of an approaching train, he stepped upon the track to cross. The sudden movement of a shifting train struck the gondola car with a sudden shock or "fierce crash" and the plaintiff being but four or five feet from the end of the car with his foot entangled in the track, was struck and injured.

Verdict for plaintiff for $8,409 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for the defendant, and in refusing defendant's motion for judgment n. o. v.

*E. J. Fox,* of *E. J.* and *J. W. Fox,* for appellant.

*Kirkpatrick & Maxwell,* for appellee.

PER CURIAM, March 22, 1915:.

The question of the contributory negligence of the plaintiff could not have been taken from the jury. His testimony alone required the court to submit it to them. He testified that before starting to cross the track the car which struck him a moment later was standing still, and that he had looked up the track, but neither saw nor heard any signal that the train was about to move. While the verdict, under all the evidence, might very fairly have been for the defendant, we cannot, for the reason stated, disturb it.

Judgment affirmed.